


27th Floor
1633 Broadway
New York, NY 10019-6708

**Elizabeth A. McNamara**
212-603-6437 tel
212-489-8340 fax

lizmcnamara@dwt.com

September 11, 2012

*[Handwritten endorsement: 9/14/2012 All deadlines are suspended until the application and motions are decided]*

**VIA FACSIMILE (212) 805-6326**

Honorable Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Bovée & Thill LLC v. Pearson Education Inc.*, Civil Action No. 11 Civ. 4514 (CM) (JCF)

Dear Judge McMahon:

**MEMO ENDORSED**

This firm represents the Defendants and Counterclaim/Third-Party Plaintiffs, Pearson Education, Inc. ("Pearson Ed"), Barbara Shwom ("Shwom"), Lisa Gueldenzoph Snyder ("Snyder") and Carol Carter ("Carter"), (collectively, "Pearson" or "Defendants") in the above-referenced matter.

As the Court is aware, plaintiffs' counsel has filed a motion seeking to be relieved as counsel in this litigation. (ECF Doc. Nos. 38-40.) That motion will remain pending until after determination of Defendants' motion for sanctions. *See infra* page 3. The Court's September 4, 2012 Interim Order on Motion for Leave to Withdraw as Counsel ("September 4 Order") provides that plaintiffs have 60 days to retain new counsel. (ECF Doc. No. 63) More specifically, the order provides: "[a]nd if I do relieve counsel, plaintiffs had better have new attorneys lined up ready to go, because if they do not replace counsel within sixty days, I will dismiss this action with prejudice." Accordingly, Defendants request that the dates for filing summary judgment and related submissions be stayed until 60 days after new counsel for plaintiffs file an appearance.

We have been advised that Plaintiffs' clients oppose any modification of the schedule for filing summary judgment motions and of the joint pre-trial order and pre-trial submissions. Consistent with your Individual Practices and the Revised Civil Case Management Plan in this case, we wish to apprise you of this situation as early as possible, and to provide some background on the status of the litigation to explain why the extension is being requested.[1]

*[Handwritten: Colleen McMahon — from the motion to relieve counsel + NOT 60 day from 9/4/2012]*

---
[1] On July 3, 2012, the Court granted an extension of the date for filing motions, the joint pre-trial order or pre-trial submissions from August 14, 2012 to September 28, 2012. (ECF Doc. No. 32.)

DWT 20296315v1 0054193-000029

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

www.dwt.com

Honorable Colleen McMahon
September 11, 2012
Page 2

### The Action

The Court is familiar with the background of this case, and it is only briefly summarized herein. Bovée & Thill LLC, who author successful business communications textbooks, commenced litigation against their publisher and three Pearson Ed authors Shwom, Snyder, and Carter whose books Pearson Ed published in the same business communications field. Bovée & Thill LLC alleged various claims for copyright infringement against Pearson Ed and its authors based on selected language in the competing works and a breach of implied covenant of good faith claim against Pearson Ed arising out of the publication of competing academic textbooks and the alleged payment of honorariums in connection with the development of the Shwom/Snyder and Carter business communication books, among other concerns. (Compl., ECF No. 1.)

Pearson Ed and the individual authors filed counterclaims against Plaintiff, and Third-Party Claims against Bovée and Thill individually, asserting that through the threatening and escalating pattern of anonymous mailings that were transparently orchestrated by Bovée & Thill, and the dissemination of the false and damaging video comparison of two of the academic works at issue, Bovée & Thill sought to directly interfere with and cause direct harm to their publisher and the careers of the individual authors. Defendants asserted claims for tortious interference, false advertising in violation of the Lanham Act and violation of New York's General Business Law Section 349. (Counterclaim, ECF No. 12, ¶¶ 41-59.)

Discovery closed on July 13, 2012.

### The Pending Motion for Spoliation and Forensic Examination

On June 29, 2012, Pearson filed a motion requesting an order granting a) Pearson a forensic examination of any and all computers, computer systems and computer data storage devices (and other sources of electronic communications) used by Plaintiffs to store electronic communications from 2007 to the present, b) a finding of spoliation, c) Pearson's attorneys' fees and costs associated with Plaintiffs' conduct in this regard, d) the sanction of an adverse inference, and e) such other relief that the Court deems proper and just (the "Motion for Sanctions"). (ECF Doc. No. 28.) Judge Francis subsequently modified the briefing schedule setting Plaintiffs' answering brief to be filed by August 17, 2012 and Defendants' reply brief by September 7, 2012. (ECF Doc. No. 57.)

### Plaintiffs' Counsel's Motion for Leave to Withdraw as Counsel

Shortly after the filing of the Motion for Sanctions, on July 9, 2012 plaintiffs' counsel filed a motion to withdraw as counsel. (ECF Doc. Nos. 38-40.) Defendants filed their opposition to the motion on July 18, 2012 (ECF Doc. Nos.51-52), and based on the Court's

DWT 20296315v1 0054193-000029

Honorable Colleen McMahon
September 11, 2012
Page 3

---

August 1 Order, Plaintiffs' reply papers are due ten days after Judge Francis renders his decision on the Motion for Sanctions. (ECF Doc. 55.) By Order dated September 4, 2012, assuming the Court grants plaintiffs' counsel's request to withdraw, Plaintiffs have sixty days to retain new counsel. (ECF Doc. No. 63.)

### Conclusion

Pearson is certainly entitled to make its motion for summary judgment with either all relevant evidence or a determination of the consequences of the Bovée & Thill's apparent destruction of critical evidence. We believe that resolution of the motion will inform Pearson's summary judgment motion, and other submissions. In addition, we believe that the parties should proceed with the motion only once it has been determined whether plaintiffs intend to move forward with new counsel or, if not, whether, as set forth in the Court's September 4 Order, the case will be dismissed. Accordingly, we respectfully request that the Scheduling Order be modified to provide that summary judgment motions, the joint pretrial orders and pretrial submission be filed within 60 days after any new counsel be substituted for plaintiff Bovée & Thill LLC.

Respectfully yours,

*Elizabeth McNamara* /ny

Elizabeth A. McNamara

cc: Russell D. Munves, Esq. (via email)
    Matthew Kane, Esq. (via email)
    Bijan Amini, Esq. (via email)

DWT 20296315v1 0054193-000029